UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL SAMSUNG and<br>SON TRUONG,<br><br>    Plaintiffs,<br><br>v.<br><br>APPLE, INC., *et al.*,<br><br>    Defendants. | No. 3:14-mc-00737<br>Judge Sharp |

## O R D E R

The plaintiffs seek to bring a *pro se* action against Apple Inc., Shelly Sterling, Jimmy Lovine, and Pandora Media Inc. for "patent, trademark violations, [and] whistleblowing." (Docket No. 1). Plaintiff Son Truong appears to be an employee working at, or an inmate incarcerated in, a state prison in Bellefonte, Pennsylvania.[1] (*Id*.) It is unclear from the complaint whether Plaintiff Michael Samsung resides at the same address as no address is provided for him in the complaint. (*Id*.)

When there are multiple plaintiffs in a case, each plaintiff is proportionately liable for any fees or costs. *See Talley-Bey v. Knebl*, 168 F.3d 884, 887 (6th Cir. 1999)*; In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137 (6th Cir. 1997). Any subsequent dismissal of a plaintiff's case, even if voluntarily, does not negate that plaintiff's responsibility to pay his or her portion of the filing fee. *Fox v. Koskinen,* No. 2:09-cv-160, 2009 WL 2507405, at *1 (W.D. Mich. Aug. 24, 2009)(citing *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)).

---

[1]The address provided by Son Truong matches the address of a Department of Corrections facility in Bellefonte, Pennsylvania. (*See* Docket No. 1).

Plaintiff Michael Samsung has not signed the complaint. (Docket No. 1 at p. 2). Every plaintiff must sign the complaint as per Rule 11(a), *Fed. R. Civ. P.* (every pleading must be signed by a party personally if the party is unrepresented). Therefore, the Clerk shall make a copy of the plaintiffs' complaint for the court's records and return the original complaint to plaintiff Son Truong in order for him to provide the complaint to plaintiff Michael Samsung for his signature.[2] <u>Michael Samsung is directed to sign and return the original complaint to the court within fifteen (15) days of his receipt of this order if he wishes to proceed as a plaintiff in this matter.</u>

Neither Truong nor Samsung submitted an application to proceed *in forma pauperis* or any portion of the required civil filing fee. The Clerk is **DIRECTED** to send Truong and Samsung a blank application to proceed *in forma pauperis* for prisoners and for non-prisoners.[3] <u>Truong and Samsung are directed to do one of the following within thirty (30) days of the date that each receives this order: either (1) pay his portion of the filing fee (one-half); or (2) complete the application to proceed *in forma pauperis* and return the properly completed application to the district court</u>.

The plaintiffs are forewarned that if they do not comply with this order within the time frames specified, the court is required under the law to presume that they are not paupers, assess each plaintiff his portion of the filing fee against him anyway, and dismiss his action for want of prosecution. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). If any plaintiff's case is dismissed under these circumstances, it will not be reinstated to the court's active docket despite subsequent payment of

---

[2]Typically, the court would return the original complaint to the plaintiff who had not signed the complaint. However, because no address has been provided for Michael Samsung, the court will return the complaint to Son Truong, who presumably is able to communicate with his co-plaintiff.

[3]Both applications should be provided to both plaintiffs since it is unclear whether either plaintiff is incarcerated.

2

the filing fee, or correction of any documentary deficiency.  *Id*.  Moreover, the complaint must be signed by all plaintiffs and returned to the court in order for all named plaintiffs to proceed as co-plaintiffs.

An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order.  *Floyd v. United States Postal Service*, 105 F.3d 274, 279 (6th Cir. 1997), *superseded on other grounds by* Rule 24, Fed. R. App. P.

      It is so **ORDERED.**

*/s/ Kevin H. Sharp*
Kevin H. Sharp
United States District Judge

3

Case 3:14-cv-01610    Document 2    Filed 06/12/14    Page 3 of 3 PageID #: 6