# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL SAMSUNG and ) | |
| SON TRUONG, ) | |
| ) | |
| Plaintiffs, ) | No. 3:14-mc-00737 |
| ) | Judge Sharp |
| v. ) | |
| ) | |
| APPLE, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

Michael Samsung and Son Truong filed a *pro se* complaint against Apple Inc., Shelly Sterling, Jimmy Lovine, and Pandora Media Inc. for "patent, trademark violations, [and] whistleblowing." (Docket No. 1). Truong appears to be an employee working at, or an inmate incarcerated in, a state prison in Bellefonte, Pennsylvania.[1] (*Id*.) It is unclear from the complaint whether Samsung resides at the same address as no address is provided for him in the complaint. (*Id*.) It is also unclear whether Samsung is a prisoner.

On June 12, 2014, the court entered a deficiency order alerting Truong and Samsung that this lawsuit could not proceed without further actions on their part. (Docket No. 2). First, the court directed Samsung to sign and return the original complaint to the court within fifteen (15) days of his receipt of the court's order if he wished to proceed as a co-plaintiff in this matter. (*Id*.) Next, the court directed Truong and Samsung to do one of the following within thirty (30) days of the date that each received the court's order: either (1) pay his portion of the filing fee (one-half); or (2) complete the application to proceed *in forma pauperis* and return the properly completed application

---

[1] The address provided by Son Truong matches the address of a Department of Corrections facility in Bellefonte, Pennsylvania. (*See* Docket No. 1).

to the district court. (*Id.*) Finally, the court advised Samsung and Truong that either of them could request an extension from the court if necessary. (*Id.*)

To date, Samsung has not returned a signed complaint to the court. Additionally, neither Samsung nor Truong has submitted a properly completed application to proceed *in forma pauperis* or his portion of the civil filing fee. Neither Samsung nor Truong has requested an extension of time within which to comply with the court's prior order. The docket sheet reflects that the Clerk's Office mailed a copy of the court's order to Truong, the only plaintiff whose address was provided to the court, on June 12, 2014, at the mailing address provided by Truong. (Docket No. 2). The docket sheet further reflects that the court's order was received and signed for by "M. Walters" on June 20, 2014. (Docket No. 4).

The Clerk is **DIRECTED** to convert this miscellaneous matter to a civil action. However, process shall **NOT** issue.

An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the court's orders or engages in a clear pattern of delay. *Gibbons v. Asset Acceptance Corp.*, No. 1:05CV467, 2006 WL 3452521, at *1 (S.D. Ohio Nov. 29, 2006); *see also Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996). District courts have the inherent power to *sua sponte* dismiss an action for want of prosecution "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad,* 370 U.S. 626, 630-31 (1962).

This action is hereby **DISMISSED** for failure to comply with the order of the court and for want of prosecution. Fed. R. Civ. P. 41(b).

Because an appeal would **NOT** be taken in good faith, Truong is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the

plaintiff decide to file a notice of appeal, he either must pay the Clerk of Court the full five hundred and five dollars ($505.00) appellate filing fee, or submit an application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six (6) month period. 28 U.S.C. §§ 1915(a)(1) & (a)(2).

For purposes of future actions, because Samsung never submitted a signed complaint in this action, he was never a plaintiff to this action; therefore, the dismissal of this action should not count as a "strike" against him under the Prison Litigation Reform Act.

It is so **ORDERED.**

*/s/ Kevin H. Sharp*

Kevin H. Sharp
United States District Judge